UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID KEITH SCHULT,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BOY SCOUTS OF AMERICA,<br><br>　　　　　　　　　Defendant. | 3:20-cv-00647-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff David Keith Schult's ("Plaintiff"), application to proceed *in forma pauperis* (ECF No. 5 at 3-4, 9, 11, 13, 15, 17, 19, 21, 27) his *pro se* civil rights complaint (ECF No. 5 at 33-38), and two motions for appointment of counsel (ECF Nos. 1-1, 5 at 23-26). For the reasons stated below, the court recommends Plaintiff's *in forma pauperis* application (ECF No. 5 at 3-4, 9, 11, 13, 15, 17, 19, 21, 27) be granted, his complaint (ECF No. 5 at 33-38) be dismissed, with prejudice, and his motions for appointment of counsel (ECF Nos. 1-1, 5 at 23-26) be denied as moot.

I.   ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the court recommends the application (ECF No. 5) be granted.

## II. SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1 | The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.   SCREENING OF COMPLAINT

In his complaint, Plaintiff sues Defendant Boy Scouts of America ("Boy Scouts") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 5 at 23, 33-38.) Plaintiff's complaint relates to the alleged sexual abuse of Plaintiff while he was a member of the Boy Scouts in the 1970s. (*Id.*) Plaintiff alleges claims for assault on a child under 14, coercion, failure to protect, and Fourteenth Amendment due process. (*See id.*) Plaintiff seeks an unspecified amount of monetary damages based on any settlement "by the [Boy Scouts] to its victims." (*Id.* at 38.)

First, Plaintiff's factual allegations are conclusory, vague, and ambiguous. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). It must also include "a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(3). Here,

Plaintiff's largely incomprehensible narrative makes it nearly impossible for the court to identify the factual or legal basis for his claims or the nature of his requested relief.

Additionally, 42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). "A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002). The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (internal quotation marks omitted).

Plaintiff's only named defendant, Boy Scouts, is a private party. *See Boy Scouts of America v. Dale*, 530 U.S. 640, 643 (2000) ("The Boy Scouts is a private, not-for-profit organization…."). Plaintiff does not allege that the Boy Scouts were acting under the color of state law when his rights were violated or that the Boy Scouts conspired or entered joint action with a state actor. Because Plaintiff is suing private parties and does not assert that

they acted under the color of state law, he cannot satisfy each of the required elements for relief under an § 1983 action.

The court also notes that a civil action must be brought in: (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b) (emphasis added). However, Plaintiff has not alleged that the Boy Scouts "reside" in Nevada for purposes of conferring jurisdiction. Further, the factual allegations reveal the incidents in question occurred in either Illinois or Wisconsin.  (*See* ECF No. 5 at 23, 33.)  The only apparent tie to the District of Nevada is the fact that Plaintiff is currently incarcerated in the Lovelock Correctional Center, in Lovelock, Nevada. (*See id.* at 3, 25.) In sum, Plaintiff has not alleged that the Boy Scouts "reside" in the District of Nevada, that any of the events giving rise to the action transpired here, and he has not otherwise alleged any connection to this District. Therefore, it appears the court lacks personal jurisdiction over the defendant and venue is improper here.

Accordingly, based on all the above, the court finds Plaintiff states no claim upon which relief may be granted, and given the vague nature of the allegations, amendment would be futile. *See Cato*, 70 F.3d at 1106. Therefore, it is recommended that the action be dismissed with prejudice.

Further, the court recommends that Plaintiff's motions for appointment of counsel (ECF Nos. 1-1, 5) be denied as moot based on this Report and Recommendation.

///

///

///

///

## IV. CONCLUSION

For the reasons articulated above, the court recommends that Plaintiff's *in forma pauperis* application (ECF No. 5 at 3-4, 9, 11, 13, 15, 17, 19, 21, 27) be granted, his complaint (ECF No. 5 at 33-38) be dismissed, with prejudice, and his motions for appointment of counsel (ECF Nos. 1-1, 5 at 23-26) be denied as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5 at 3-4, 9, 11, 13, 15, 17, 19, 21, 27) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 5 at 33-38) be **DISMISSED, WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that Plaintiff's motions for appointment of counsel (ECF Nos. 1-1, 5 at 23-26) be **DENIED AS MOOT**; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED:** June 21, 2021.

_____
UNITED STATES MAGISTRATE JUDGE